UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CUSHAW BARNETT,<br>　　　　Plaintiff,<br><br>v.<br><br>JEFF LEVIN, Public Defender,<br>　　　　Defendant. | C.A. No. 1:12-cv-518-JJM |

**ORDER**

Plaintiff Cushaw Barnett filed suit pro se against Jeff Levin, an individual he identifies in the caption of his complaint as a public defender. After the Judges of the District of New Hampshire recused themselves, this matter was transferred to the District of Rhode Island. (ECF Nos. 5-9.) By a Concurring Order dated February 14, 2013, it was assigned to this Judge. (ECF No. 10.) In addition to the complaint, Mr. Barnett has filed a Motion/Affidavit to Proceed In Forma Pauperis Without Prepayment of Fees (IFP Application). (ECF No. 3.) In the IFP Application, Mr. Barnett states that he is incarcerated in the Essex County Correctional Facility in Massachusetts. *Id.*

In his one-page complaint, Mr. Barnett alleges that his former attorney "sold me out when he failed to inform me that the U.S. Government failed to [i]ndict me within thirty [d]ays after my arrest." (ECF No. 1.) Mr. Barnett characterizes this as a "dereliction of duty." *Id.* Mr. Barnett alleges that but for Mr. Levin failing to inform him that he was not indicted within thirty days of his arrest, he would not have served eight years in federal prison. *Id.* Mr. Barnett seeks "three million bucks." *Id.*

This Court has screened Mr. Barnett's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, this Court finds that the complaint fails to state a claim on which relief may be granted.

In connection with proceedings in forma pauperis, 28 U.S.C. § 1915(e)(2) provides for dismissal of a case at any time if the court determines that the action, inter alia, "fails to state a claim on which relief may be granted." Similarly, 28 U.S.C. § 1915A directs courts to screen complaints filed by prisoners against "a governmental entity or officer or employee of a governmental entity" and to dismiss such complaints, or any portions thereof, for the same reasons as those set forth in § 1915(e)(2). "The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion." *Hodge v. Murphy*, 808 F. Supp. 2d 405, 408 (D.R.I. 2011); *see also Roy v. Wrenn*, C.A. No. 12-cv-303-JD, 2013 WL 568475, at *3 (D.N.H. Feb. 13, 2013) ("standard used for preliminary review under 28 U.S.C. §§ 1915(e) and 1915A, to determine whether the complaint should be dismissed for failing to state a claim, is the same standard as is used for a motion under Federal Rule of Civil Procedure 12(b)(6)").

When reviewing a motion filed under Rule 12(b)(6), courts "accept well-pleaded facts as true and draw all reasonable inferences from those facts in favor of the plaintiff." *Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.) Because Mr. Barnett, appears pro

2

se, his complaint is read "with an extra degree of solicitude." *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991).

Even where pro se prisoners' complaints fail to state a claim, the First Circuit has cautioned against sua sponte dismissal with prejudice "without affording plaintiff notice and an opportunity to be heard." *Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990). Instead, district courts are advised to give plaintiffs notice of the deficiencies and provide them with an opportunity to address those issues. *Id.* (quoting *Literature Inc. v. Quinn*, 482 F.2d 372, 374 (1st Cir. 1973)); *see also Brown v. Rhode Island*, No. 12-1403, slip op. at 2 (1st Cir. Feb. 22, 2013).

Mr. Barnett's complaint seeks to remedy what he perceives as an error by his former attorney, federal public defender Jeff Levin. (ECF No. 1.) Mr. Barnett does not identify the case in which Mr. Levin represented him, nor does he specify the legal theory under which he seeks to redress his grievance against Mr. Levin.[1] The scant information contained in the complaint does not contain sufficient factual matter from which this Court can infer that Mr. Barnett has a plausible claim against Mr. Levin.[2] His complaint therefore "fails the plausibility test spectacularly." *Redondo Waste Sys., Inc. v. López-Freytes*, 659 F.3d 136, 140 (1st Cir. 2011). Although the complaint is devoid of any legal assertion, this Court will attempt to surmise what claims could be made based on what is alleged.

If Mr. Barnett's complaint is construed as an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), Mr. Barnett must allege that Mr. Levin was a federal officer acting under color of federal law "who allegedly engaged in unconstitutional conduct to

---

[1] Mr. Barnett may be referring to his prosecution in *United States v. Barnett*, 05-cr-95, a criminal case in the District of New Hampshire. That docket indicates that federal defender Jeffrey S. Levin represented Mr. Barnett from May 2004 until October 2012.

[2] Mr. Barnett is no stranger to the legal system. *See Barnett v. Massachusetts*, C.A. No. 13-10038-DPW, 2013 WL 210616, at *1 n.2 (D. Mass. Jan. 17, 2013) (noting several civil actions filed by Mr. Barnett.)

[Mr. Barnett's] detriment." *Wigginton v. Centracchio*, 205 F.3d 504, 508 n.5 (1st Cir. 2000). In other words, under *Bivens*, Mr. Barnett may seek "to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities." *DeMayo v. Nugent*, 517 F.3d 11, 14 (1st Cir. 2008).

If Mr. Barnett seeks to file a *Bivens* action, he faces several hurdles, including the following. First, Mr. Barnett must somehow avoid the bar on *Bivens* suits against federal defenders performing traditional attorney duties. In *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981), in the context of a § 1983 civil rights suit, the United States Supreme Court held that public defenders do "not act under color of state law" when performing traditional lawyer duties. Likewise, federal defenders do not act under color of federal law when representing clients in federal criminal proceedings and are therefore not subject to suit under *Bivens*. *See, e.g., Richards v. Flynn*, 263 Fed.Appx. 496 (7th Cir. 2008); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982); *see also Crump v. Morton-Smith*, No. 3:10-cv-788, 2010 WL 4719383, at *5 (S.D.W.Va. Oct. 19, 2010) ("It is a matter of well-settled law that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law when performing the traditional functions of a lawyer and, therefore, is not amenable to suit under § 1983 or *Bivens*.") Since a federal defender performing the traditional duties of an attorney does not act under color of federal law, Mr. Levin is not amenable to suit under *Bivens*.

Second, Mr. Barnett's *Bivens* action appears barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[3] Pursuant to *Heck*, Mr. Barnett "cannot establish the elements of a *Bivens* action until his conviction has been declared invalid of otherwise impugned . . . ." *Pandey v. Freedman*, 66 F.3d 306 (1st Cir. 1995) (quoting *Stephenson v. Reno*, 28 F.3d 26, 28 (5th Cir. 1994)). Because

---

[3] This seems to be at least the third time that Mr. Barnett has been advised about the *Heck* rule. *See Barnett*, 2013 WL 210616, at *4.

Mr. Barnett's "suit would necessarily imply the invalidity of [his] underlying sentence," and he has not alleged that his conviction or sentence has been called into question, his damage claim is "not cognizable under *Heck*." *Colon v. Special Agent Connolly*, 78 Fed.Appx. 732 (1st Cir. 2003).

If Mr. Barnett seeks to allege that Mr. Levin's "dereliction of duty" was malpractice, Mr. Barnett is hereby on notice that several federal courts have held that "[f]ederal public defenders are immune from civil rights suits arising out of alleged malpractice." *Rogozinski v. Spaulding*, 330 Fed.Appx. 170, 171 (11th Cir. 2009) (citing *Sullens v. Carroll*, 446 F.2d 1392, 1392-93 (5th Cir. 1971); *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972)).

Finally, this Court notes that earlier this year Judge Woodlock warned Mr. Barnett about the "threestrike" rule in 28 U.S.C. § 1915(g). *See Barnett*, 2013 WL 210616, at *1 n.2 ("it does not appear that plaintiff is as yet a threestrike litigant[;] [t]hat circumstance may change depending on the outcome of this case"). Mr. Barnett has had one civil rights action "dismissed as patently frivolous" and another "summarily dismissed for failure to state a claim." *Id.* Mr. Barnett again is informed that 28 U.S.C. § 1915(g) bars civil actions if a "prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Adhering to the First Circuit's preference for providing an opportunity to amend, Mr. Barnett is ORDERED to file an amended complaint on or before **March 25, 2013** that sets forth a cause of action and satisfies the *Twombly/Iqbal* pleading requirements. If Mr. Barnett

does not file such an amended complaint on or before **March 25, 2013**, then this action will be DISMISSED WITH PREJUDICE.

Also pending before the Court is Mr. Barnett's IFP Application. (ECF No. 3.) In view of this Court's finding that the complaint fails to state a claim, Mr. Barnett's IFP Application is DENIED AS MOOT. If Mr. Barnett files an amended complaint and still seeks to proceed IFP, then this Court will reconsider his IFP application.

IT IS SO ORDERED.

/s/ John M. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

February 25, 2013